BRANDON D. SAXON  (SBN: 252712)
bsaxon@grsm.com
LINDSAY C. DAVID  (SBN: 283267)
ldavid@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101
Telephone:  (619) 544-7229
Facsimile:  (619) 696-7124

Attorneys for Defendant
AMEE BAY LLC

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORDAN KEITH HELTON, individually, and on behalf of other aggrieved employees pursuant to the California Private Attorneys General Act;<br><br>                              Plaintiff,<br><br>          vs.<br><br>AMEE BAY LLC, an unknown business entity; THREE SAINTS BAY, LLC, an unknown business entity; and DOES 1 through 100, inclusive,<br><br>                              Defendants. | Case No.: **'22CV1303 L     AGS**<br><br>(Removed from San Diego County Superior Court, Case No.: 37-2022-00027280-CU-OE-CTL)<br><br>**DEFENDANTS AMEE BAY LLC AND THREE SAINTS BAY, LLC'S NOTICE OF REMOVAL UNDER 28 U.S.C. § 1332(D) AND 1453 (CLASS ACTION FAIRNESS ACT)**<br><br>Complaint filed:  July 12, 2022<br><br>Dept.:  C-70<br>Judge:  Carolyn Caietti |

*(Left margin, vertical text)* Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF CALIFORNIA, PLAINTIFF AND TO HIS RESPECTIVE COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that Defendant AMEE BAY, LLC ("Defendant") hereby removes the above-entitled action (State Court Case No. 37-2022-00027268) from the San Diego County Superior Court to the United States District Court for the Southern District of California pursuant to 28 U.S.C. §§ 1332(d) and 1441.

**I.    BACKGROUND**

On July 12, 2022, a state court action was commenced in the San Diego County Superior Court entitled *Jordan Keith Helton v. Amee Bay LLC and Three Saints Bay, LLC.*, Case No. 37-2022-00027268 (the "State Court Action"). This complaint (the "Complaint") was served upon Defendant Amee Bay LLC ("Amee Bay") on August 1, 2022.  Declaration of Don Gurley "Gurley Decl." Par. 6.  Copies of all the pleadings filed in the State Court Action to date are attached as Exhibit A to the Declaration of Lindsay David ("David Decl."), filed concurrently herewith.

The Complaint alleges ten causes of action: (1) Unpaid Overtime; (2) Unpaid Meal Period Premiums; (3) Unpaid Rest Period Premiums; (4) Unpaid Minimum Wages; (5) Final Wages Not Timely Paid; (6) Wages Not Timely Paid During Employment; (7) Non-Compliant Wage Statements; (8) Failure to Keep Requisite Payroll Records; (9) Unreimbursed Business Expenses; and (10) Violation of California Business & Professions Code Sections 17200 et. seq.

On July 12, 2022, a second state court action was commenced in the San Diego County Superior Court entitled *Jordan Keith Helton v. Amee Bay LLC and Three Saints Bay LLC.*, Case No. 37-2022-00027280 (the "Second State Court Action"). The Complaint in the Second State Court Action was served upon Defendant Amee Bay LLC ("Amee Bay") on August 1, 2022.  Gurley Decl. Par.

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

6.  Copies of all the pleadings filed in the State Court Action to date are attached as Exhibit A to the Declaration of Lindsay David ("David Decl."), filed concurrently herewith.[1]  The Second Complaint alleges a single cause of action under the Private Attorneys General Act of 2004 ("PAGA") based on the same alleged labor code violation of the first action.

## II.  REMOVAL IS TIMELY

This Notice of Removal is timely because it is being filed on August 31, 2022, which is within thirty (30) days of August 1, 2022, the date on which the Defendants were served with the First and Second Complaints. 28 U.S.C. § 1446(b)(3). See Gurley Decl., ¶ 6; Witherspoon Decl.,¶ 6.

It was not ascertainable on the face of the Complaint that the State Court Action was removable under diversity jurisdiction. In particular, the Complaint failed to specify an amount in controversy. And, the Complaint failed to accurately state the citizenship of the parties. See *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005) (Explaining that notice of removability is determined by the "four corners of the applicable pleadings[.]").

Regardless, Defendant this Notice of Removal is being filed 30 days following service. Accordingly, removal is timely.

## III.  VENUE IS PROPER

The State Court Action was filed and is pending in the Superior Court of the State of California for the County of San Diego. Venue therefore properly lies in this District because the Southern District of California encompasses the county of San Diego.  (See 28 U.S.C. §§ 84(a), 1391, 1441(a).)

## IV.  REMOVAL IS PROPER PURSUANT TO DIVERSITY JURISDICTION

### A. Plaintiff is a Citizen of California

For diversity purposes, a person is a "citizen" of the state in which he is

---

[1] Defendant has concurrently filed a Notice of Removal in this Court to remove the Second State Court Action to the United States District Court for the Southern District of California.

1   domiciled.  (*See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088 (9th Cir.

2   1983)*; see also LeBlanc v. Cleveland*, 248 F.3d 95, 100 (2d Cir. 2001)

3   (citizenship determined at time lawsuit is filed); *Lundquist v. Precision Valley*

4   *Aviation, Inc.*, 946 F.2d 8, 10 (1st Cir. 1991).)  A person's domicile is the place

5   he or she resides with the intention to remain, or to which he or she intends to

6   return.  (*See Kanter v. Warner-Lambert Clew & Moss*, 797 F.2d 747, 749-50 (9th

7   Cir. 1986).)

8        Plaintiff's Complaint states that "Plaintiff JORDAN KEITH HELTON is

9   an individual residing in the State of California, County of San Diego."

10  (Complaint at Paragraph 5).

11       Plaintiff's Complaint further provides that it is filed on behalf of Plaintiff

12  and a proposed Class defined as "[a]ll current and former hourly-paid or non-

13  exempt employees who worked for any of the Defendants within the State of

14  California at any time during the period from four years preceding the filing of

15  this Complaint to final judgment **and who reside in California**."  First

16  Complaint at Paragraph 14 (emphasis added).  Thus, all proposed class members,

17  by the First Complaint's definition, are domiciled in California.  Plaintiff's

18  PAGA complaint is similarly brought on behalf of California employees.

19       The citizenship of the Doe defendants is to be disregarded for the purposes

20  of determining diversity jurisdiction and, thus, cannot destroy the diversity of

21  citizenship between the parties in this case.  (28 U.S.C. § 1441(a).  *Accord,*

22  *Newcombe*, 157 F.3d at 690-91 (*citing* 28 U.S.C. § 1441(a).)

23       Here, Does 1 through 100, inclusive, are wholly fictitious.  The Complaint

24  does not set forth the identity or status of any said fictitious defendants, nor does

25  it set forth any charging allegation against any fictitious defendants.

26  **B. Defendants are <u>Not</u> Citizens of California**

27       For diversity purposes, "an LLC is a citizen of every state of which its

28  owners/members are citizens."  *See Johnson v. Columbia Properties Anchorage,*

*LP*, 437 F3d 894, 899 (9th Cir. 2006).  For diversity purposes, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business…." (28 U.S.C.S. § 1332 (c)(1) (LexisNexis).) "[C]orporations are citizens of both the state where they are incorporated and the state where they have their principal place of business." (*Tosco Corp. v. Cmtys. for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001)(internal citations omitted).)

Plaintiff named Amee Bay, LLC and Three Saints Bay, LLC as Defendants in the State Court Action.

Defendants Amee Bay, LLC and Three Saints Bay are limited liability companies.  Gurley Decl. ¶ 3; Declaration of Rebecca Witherspoon , ¶ 3. At all relevant times, including the date the State Court Action was filed and the date of this removal, Amee Bay's and Three Saints Bay's sole owner/member has been Old Harbor Native Corporation ("Old Harbor").

Old Harbor is a corporation incorporated under the laws of the State of Alaska and has maintained its principal place of business in the City of Anchorage, State of Alaska.  Gurley Decl., ¶ 4.  Further, the majority of the salaried employees, property, and tangible assets of Old Harbor are located in the State of Alaska. Gurley Decl., ¶ 3. *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and the State where it has its principal place of business…").

Further, the majority of the salaried employees, property, and tangible assets of Old Harbor are located in the State of Alaska. Old Harbor's high-level officers, direct, control, and coordinate the corporation's activities from Alaska. Gurley Decl., ¶ 4. *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and the State where it has its principal place of business…").

In *Hertz Corporation v. Friend, et al.*, 130 S.Ct. 1181 (2010), the United

States Supreme Court adopted the "nerve center" test for determining corporation citizenship in diversity jurisdiction cases. The Court determined that a corporation's "principal place of business" is the "place where a corporation's high level officers direct, control, and coordinate the corporation's activities. (*Hertz Corp.,* 130 S.Ct. at 1186; *see also Van Noland v. Pelletier*, 2010 U.S. Dist. LEXIS 33554, *6-7 (E.D. Cal. April 6, 2010) (replying on the newly issued *Hertz opinion*).) Under the "nerve center" test, Defendants are citizens of the State of Alaska as Amee Bay and Three Saints Bay's sole member is Old Harbor, and Old Harbor's high level officers direct, control, and coordinate the corporation's activities from Alaska. Gurley Decl., ¶ 4

**C. The Amount in Controversy Exceeds $75,000**

The amount in controversy in this action exceeds $75,000, exclusive of interest and costs. *See id.* § 1332.

The removing party's initial burden is to "file a notice of removal that includes 'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'" *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015) (quoting *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014)). "By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a)" which requires only that the grounds for removal be stated in a "short and plain statement." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 553 (2014).

Generally, a federal district court will first "consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." *Abrego v. Dow Chem. Colo.*, 443 F.3d 676, 690 (9th Cir. 2006) (internal citation omitted). But a defendant may remove a suit to federal court notwithstanding the failure of the plaintiff to plead the required amount. Absent the facial showing from the complaint, the court may consider facts averred in the removal petition. *Id.* Next, if the defendant's allegation(s) regarding the amount in controversy is

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

challenged, then "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Ibarra*, 775 F.3d at 1195. At that time, "it may be appropriate to allow discovery relevant to [the] jurisdictional amount prior to remanding." *Abrego*, 443 F.3d at 691 (internal citation omitted).

Defendant disputes that it is liable for any damages whatsoever to Plaintiff. Nevertheless, Defendant can demonstrate that the amount in controversy exceeds $75,000 under the "preponderance of the evidence" standard. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). The standard requires only that the removing party present evidence that "it is more likely than not" that the amount in controversy is satisfied. *Id.*

In the case at bar, the Plaintiffs seek both monetary and injunctive relief. This is a putative wage and hour class action case arising under the California Labor Code. Plaintiff alleges that he is entitled to relief for unpaid wages, as well as business expenses civil penalties, and attorney's fees. (Complaint, generally.)

The amount in controversy calculation includes reasonable estimates of attorney's fees. *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1011 (N.D. Cal. 2002); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998).

The California Labor Code, including several of the claims at issue here, unpaid wages, unpaid overtime, business expenses, and civil penalties provide for the recovery of attorney's fees, which regularly exceed $100,000. (David Decl., ¶¶ 8,9).

If Plaintiff were to prevail on his claims, even in an individual capacity, he could be awarded damages as well as statutory attorney's fees. As such, it is more likely than not that the amount in controversy exceeds $75,000. (David Decl., ¶¶ 8,9).

Thus, the total amount in controversy exceeds $75,000.00. The amount in

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

DEFENDANT AMEE BAY LLC'S NOTICE OF REMOVAL

controversy is satisfied. (David Decl., ¶¶ 8,9).

## V.  ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN MET

Venue is proper with the Southern District of California in that this action is presently pending in the Superior Court of the State of California, County of San Diego, which is within the venue of the United States District Court for the Southern District of California.

A copy of the entire case file in the State Court Action which includes copies of "all process, pleadings, and orders served upon such defendant" is attached to this Notice of Removal as Exhibit A to the Declaration of Lindsay David, filed concurrently herewith.

A copy of this Notice of Removal is being filed with the clerk of the San Diego County Superior Court.

A copy of this Notice of Removal is also being served on counsel for Plaintiff.

## VI.  CONCLUSION

For the reasons stated above, Plaintiff's claims are properly removable under 28 U.S.C. §§ 1332 and 1441 due to diversity jurisdiction. Defendant respectfully requests that this Court proceed with this matter.

Dated:  August 31, 2022

GORDON REES SCULLY MANSUKHANI, LLP

By:  /s/  Lindsay D

Brandon D. Saxon
Lindsay C. David
Attorney for Defendant
AMEE BAY LLC

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101